UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GWENDELYN RODRIGUEZ, o/b/o C.W.,

        Plaintiff,

        v.                                        **DECISION AND ORDER**
                                                             18-CV-295S

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

        1.      Plaintiff Gwendelyn Rodriguez challenges the determination of an Administrative Law Judge ("ALJ") that her child is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that her child, C.W., has been disabled since November 5, 2008, due to an adjustment disorder, optic nerve dysplasia and strabismus, and asthma.

        2.      This is the second time Plaintiff's case is before this Court. Plaintiff initially applied for supplemental security income (SSI) for C.W. on February 23, 2011. Both the Commissioner and the ALJ denied Plaintiff's claim, and the Appeals Council subsequently denied review. Plaintiff appealed to federal district court on March 28, 2014, with this Court remanding the case with instruction on August 23, 2015. See Rodriguez v. Colvin, No. 14-CV-214S, 2015 WL 5037014, at *4 (W.D.N.Y. Aug. 25, 2015). On remand, ALJ Stephen Cordovani held a hearing on April 3, 2017, at which Plaintiff and C.W. appeared with counsel and testified. On November 28, 2017, ALJ Cordovani found that CW was not disabled.

        3.      This case then returned to this Court on February 27, 2018, after Plaintiff appealed ALJ Cordovani's decision. On September 17, 2018, Plaintiff filed a Motion for

1

Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 11.) On November 19, 2018, the Commissioner filed a Motion for Judgment on the Pleadings. (Docket No. 15.) Plaintiff filed a reply on December 10, 2018 (Docket No. 17), at which time this Court took the motions under advisement without oral argument. For the following reasons, Plaintiff's motion is granted, Defendant's motion is denied, and this case is remanded for further expedited proceedings.

4. A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the function of a reviewing court is "limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted). The Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983). Substantial evidence is that which amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must

also include that which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." Valenta v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. An individual under the age of 18 is considered disabled when he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner has established a three-step sequential evaluation process to determine whether a child is disabled as defined under the Act. See 20 C.F.R. § 416.924. Specifically, it must be determined: (1) whether or not the child has engaged in any substantial gainful activity; (2) if not, whether he or she has a "severe" impairment or combination of impairments that cause "more than minimal functional limitations;" and (3) his or her impairment or combination of impairments is of listing-level severity, in that it meets, medically equals, or functionally equals the severity of a listed impairment. See 20 C.F.R. § 416.925; see also 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments").

3

7. Where an impairment medically meets or equals a listed impairment, the child will be found disabled. See 20 C.F.R. §§ 416.924(d)(1); 416.925. If a child's impairment or combination thereof does not meet or equal a listed impairment, the ALJ must assess all functional limitations caused by the child's impairments in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating to others; (4) moving about and manipulating objects; (5) caring for self; and (6) health and physical well-being. See 20 C.F.R. § 416.926(a), (b)(1). A child is classified as disabled if he or she has a "marked" limitation in two domains of functioning or an "extreme" limitation in one domain. See 20 C.F.R. §§ 416.926a(d). A "marked" limitation exists when an impairment or the cumulative effect of impairments "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(I). An "extreme" limitation "interferes very seriously" with that ability. 20 C.F.R. § 414.926a(e)(3)(I).

8. After applying the three-step evaluation, the ALJ concluded that C.W. (1) had not engaged in substantial gainful activity since February 23, 2011 (R. at 370);[1] (2) had asthma, congenital exotropia and optic nerve hypoplasia post-surgery, attention deficit hyperactivity disorder (ADHD), and oppositional defiant disorder, which are severe impairments under the Act (id.); and (3) did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, and did not have an impairment or combination of impairments that functionally equaled the severity of the listings in 20 C.F.R. §§ 416.924(d) and 416.926(a) (R. at 361). Accordingly, the ALJ determined that

---

[1] Citations to the underlying administrative record are designated as "R."

4

C.W. was not under a disability as defined by the Act during the relevant period—February 23, 2011, through November 28, 2018. (R. at 380.)

9. Plaintiff argues that remand is again required because the ALJ failed to comply with this Court's 2015 decision and the Appeals Council's remand order. In 2015, this Court determined that the ALJ erred in finding that C.W. had only a less than marked limitation in the domain of interacting and relating to others without further developing the record as it related to behavioral issues observed by C.W.'s teacher. (R. at 462, 64.) This Court remanded with instructions to develop the record to include C.W.'s school counseling records and behavioral modification plan as follows:

> Here, the ALJ failed to properly develop the record. Both Plaintiff and C.W.'s second grade teacher referenced school counseling sessions, and C.W.'s teacher also states that a behavior modification plan was utilized for C.W. (Pl's Mem of Law at 13-14; R. at 19, 23, 53, 245). Plaintiff testified that "he [C.W.] does take counseling through Life Transition at school" in addition to the therapy he received from Child and Adolescent Treatment Services ("CATS"). (R. at 18, 53). Indeed, it appears from Plaintiff's testimony that this school therapy occurred even prior to a largely undiscussed incident when C.W. brought a knife to school in February 2012 and threatened other students, an incident that was apparently severe enough to prompt CATS treatment. (R. 18, 53 (noting that the CATS sessions resulted from the suspension).) C.W.'s second grade teacher similarly indicated that it had been necessary to implement behavior modification strategies for C.W., although she provided no further details other than writing "Behavioral Plan." (R. at 245). Nonetheless, despite being on notice that further relevant counseling records likely existed, the ALJ rejected the allegations of Plaintiff and C.W.'s second grade teacher because their allegations of behavioral issues were "not reflected in school records." (R. at 23).

Rodriguez, 2015 WL 5037014, at *3. This Court thus remanded the case for the ALJ to obtain and consider C.W.'s school counseling records and behavior modification plan. Id. at *3-4.

10. On September 21, 2015, the Appeals Council remanded the case to the ALJ for further proceedings consistent with this Court's decision. (R. at 472.) Regulations provide that on remand from the Appeals Council, "[t]he [ALJ] shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council remand order." 20 C.F.R. § 404.977(b) (emphasis added). If an ALJ fails to comply with an Appeals Council remand order, the decision is subject to judicial review and can form the basis for a remand to the Commissioner. See 42 U.S.C. § 405(g).

11. Contrary to this Court's instruction and the Appeals Council's remand order, the ALJ failed to obtain and consider C.W.'s school counseling records and behavior modification plan. Instead, the ALJ questioned Plaintiff's counsel as to whether he felt that the record satisfied the remand order. (R. at 391.) Plaintiff's counsel initially advised that the remand order had been complied with, but when the ALJ inquired further, Plaintiff's counsel expressed concern that C.W.'s counseling and psychologist reports were missing. (Id.) Seemingly cognizant of the requirements of the remand order, the ALJ concluded that the record was incomplete and allowed Plaintiff's attorney two additional weeks to obtain and submit the missing records. (R. at 392.) He further stated that, "[w]e're not getting a decision without them." (R. at 393.)

12. On April 26, 2017, Plaintiff's counsel submitted a short letter from Tyrone Vazquez, a mental health coordinator at C.W.'s school, who wrote that he had counseled Plaintiff since February 2017. (R. at 1043.) This was not the record required by the remand order. The same day, Plaintiff's counsel requested that the ALJ leave the record open an additional two weeks for submission of the still-missing school records, but no

6

school records were ever subsequently submitted. (R. at 598.) Rather than obtain the missing records himself as this Court directed him to do, the ALJ proceeded to render an unfavorable decision on November 28, 2017, never having obtained or considered the school counseling records or behavior modification plan as required. (R. at 364-380.)

13. An "ALJ, unlike a judge in a trial, must [him]self affirmatively develop the record" in light of "the essentially non-adversarial nature of a benefits proceeding." Pratts v. Chater, 94 F.3d 34, 37 (2d. Cir. 1996) (citing Echevarria v. Sec'y of HHS, 685 F.2d 751, 755 (2d Cir. 1982)). This duty arises from the Commissioner's regulatory obligations to develop a complete medical record before making a disability determination, 20 C.F.R. § 404.1512(d)-(f), and exists even when, as here, the claimant is represented by counsel. Id. By not obtaining the remand records, the ALJ failed to comply with the 2015 remand order and his duty to affirmatively develop the record, which constitutes reversible legal error. See Colton v. Berryhill, No. 16-CV-615(MAT), 2018 WL 3569930, at *3 (W.D.N.Y July 25, 2018) (remanding for failure to comply with the Appeals Council's remand order); Bell v. Colvin, No. 5:15-CV-01160, 2016 WL 7017395, at *8 (N.D.N.Y. Dec. 1, 2016) (finding that failure to comply with Appeals Council's order is reversible legal error).

14. Although it was permissible for the ALJ to first put Plaintiff's counsel to the task of securing the remand records, it was nonetheless the ALJ's ultimate obligation to ensure that those records were obtained and considered in compliance with the remand order. See Hilsdorf, 724 F. Supp. 2d at 346 (finding that the ALJ's failure to further develop the record upon statement of counsel that the record was complete was error). The ALJ knew that the remand records remained missing, yet he proceeded to render a

7

decision without them, despite telling Plaintiff that no decision would be rendered without consideration of those documents. This is error that once again requires remand.

15. The need for these records is underscored by the ALJ's rejection of C.W.'s most recent mental health records. Tyrone Vazquez, C.W.'s counselor, submitted a July 22, 2017 letter in which he explained that he worked with C.W. on anger management, focusing in class, respecting adults and classmates, and accepting responsibilities for his actions. (R. at 1043.) Vazquez also explained that he sees C.W. almost every day due to the severity of those issues. (Id.) The ALJ rejected this letter as vague and lacking a function-by-function analysis. (R. at 374.) Receipt and consideration of the remand records, however, may well have supported or complemented Vazquez's opinion letter. Additionally, although the ALJ ordered a consultative psychological evaluation, that examination pertained only to C.W.'s functioning in 2017 and could not speak to longitudinal deterioration and deficiencies. (R. at 1045-46.) The remand records are thus material to the ALJ's consideration of Plaintiff's case.

16. After carefully examining the administrative record, this Court finds cause to once again remand this case to the ALJ for further administrative proceedings consistent with this decision, this Court's prior decision, and the Appeals Council's prior remand order. Plaintiff's other stated grounds for remand will not be addressed, though Plaintiff may raise them to the ALJ on remand as appropriate. Plaintiff's motion for judgment on the pleadings is therefore granted, and Defendant's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 15) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Commissioner of Social Security is directed to EXPEDITE the re-hearing of this matter given the considerable passage of time since the filing of Plaintiff's initial application for benefits.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:     October 1, 2019
           Buffalo, New York


                                              s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge